**FILED**
**FEBRUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY McKAY , | ) | |
| | ) | |
| Plaintiff, | ) | No: |
| | ) | |
| vs. | ) | |
| | ) | **08 C 1076** |
| AMALGAMATED TRANSIT UNION LOCAL #308 | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | **JUDGE GRADY** |
| | | **MAGISTRATE JUDGE NOLAN** |

## COMPLAINT

Plaintiff, ANTHONY McKAY, by and through his attorneys, Michael T. Smith, states and complains of the Defendants as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this as an action against Defendant, AMALGAMATED TRANSIT UNION LOCAL #308, ("Amalgamated") for breach of its duty of fair representations of a members.

2.   This action arises and the jurisdiction of this Court is based upon, Section 301 of the Management Relations Act, as amended, 29 U.S.C. § 185.

3.   Plaintiff has exhausted all administrative remedies provided for the parties' collective bargaining agreement and has timely filed this suit after Plaintiff had filed an action in Cook County against Amalgamated, Docket Number 07 L 1742 for breach of its duty, said suit dismissed by the Cook County Court for having brought suit in the wrong forum. By said suit Amalgamated received notice of the breach of duties owed under the

collective bargaining agreement by the Chicago Transit Authority (CTA), and Amalgamated of not receiving fair representation by his Union.

## VENUE AND THE PARTIES

4. Plaintiff resides at 7320 S. Phillips, Chicago, Illinois 60649.

5. Plaintiff is a citizen and resident of Cook County, Illinois.

7. Defendant Amalgamated Transit Union Local 308 is a labor organization of which the Plaintiff at all relevant times, was a member in good standing.

8. Defendant Amalgamated Transit Union Local 308 is a not-for-profit corporation in Illinois with its principle place of business located in Cook County, Illinois.

9. Defendant Amalgamated Transit Union Local 308 has a responsibility to protect the rights of its local members.

10. At all times relevant herein, Defendant Amalgamated Transit Union Local 308 and the Chicago Transit Authority (CTA) were parties to a written collective agreement, entitled "Agreement between Amalgamated Transit Union Local 308 and CTA" hereinafter referred to as "Collective Agreement."

11. At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiffs employment with the CTA and protections afforded Plaintiff under the collective bargaining agreement..

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANT
## AMALGAMATED TRANSIT UNION LOCAL 308

12. Plaintiff incorporates paragraphs I through 11 herein by reference.

13. At all times material herein, Defendant Amalgamated Transit Union Local 308 owed a duty of fair representation to all members of AMALGAMATED, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of Amalgamated

Transit Union Local 308 in the administration of the Collective Agreement without arbitrary discrimination.

14. Defendant Amalgamated Transit Union Local 308's Members' implied and/or express Bill of Rights states that, "[E]very member has the right to a fair trial, to be represented by an individual of her or her choice and to proper appeal procedures."

15. Amalgamated Transit Union Local 308 breached its duty of fair representation when Business Agent for Amalgamated Transit Union Local 308, into an Agreement to Withdraw Plaintiff's Grievance against the CTA without his knowledge and to his detriment. Plaintiff had no knowledge of said withdrawal of his grievance until his termination from the CTA.

16. Agents form Amalgamated Transit Union Local 308 on a continuous basis informed Plaintiff that he would be returned to employment with the CTA.

17. Thereafter, Plaintiff brought forth a written complaint against Amalgamated Transit Union Local 308 as set for above in the Circuit Court of Cook County, said cause being dismissed based upon the court lacked jurisdiction and suggested that Plaintiff file an action in the appropriate court for which this suit is now commenced..

18. Defendant Amalgamated Transit Union Local 308 violated Members' Bill of Rights by breaching its statutory duty of fair representation after filing grievances for the Plaintiff at his request.

19. Defendant Amalgamated Transit Union Local 308 breached its duty of fair representation when its Business Agent entered into a withdrawal of Plaintiff's grievance without the consent or knowledge of Plaintiff.

3

20.     Defendants Amalgamated Transit Union Local 308 treatment of the Plaintiff was capricious, arbitrary, and discriminatory

21.     **As** a direct and proximate result of the breach by Defendant Amalgamated Transit Union Local 308, of its duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by the CTA in a sum which he would have earned from such employment had the CTA not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff, ANTHONY McKAY, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendant Amalgamated Transit Union Local 308, acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff lost pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life, and consequential damages to make him whole; to enjoin Defendant from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

                        ANTHONY McKAY


                    BY:/**S/ Michael T. Smith**
                        Michael T. Smith
                        Trial Attorney

Michael T. Smith #  6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626